WILLIAM N. BAYLES, RESPONDENT, v. MICHAEL EATON, APPELLANT.

Submitted February 13, 1931—Decided October 19, 1931.

For the appellant, *Abraham Rudensey.*

For the respondent, *Milton M. Unger.*

The opinion of the court was delivered by

WELLS, J.   On the 21st day of December, 1928, the defendant, Michael Eaton, entered into a written agreement with Edward J. Maier and Euplio DeMarco, by the terms of which he agreed to purchase from them thirty-eight shares of the capital stock of the West Orange Estates, Incorporated, for $15,200.   Of this amount $8,500 was to be paid by the defendant in monthly installments of $150.

DeMarco subsequently assigned all his interest in the agreement to Maier, and Maier then transferred his interest therein to the plaintiff, William N. Bayles.

The defendant, Eaton, defaulted in a number of the monthly payments of $150, and Bayles brought suit in the Essex County Circuit Court to recover the amount of these unpaid installments and in due course judgment was entered in his favor for the amount then due.   Eaton defaulted in later payments and a second suit was brought in the same

court to recover the installments which had subsequently accrued, and this case also resulted in a judgment in favor of the plaintiff, Bayles.

In each case an answer was filed simply denying each and every allegation contained in the complaint, and a counter-claim was added in which Eaton alleged that Maier, one of the original parties to the agreement, had, as agent of the West Orange Estates, Incorporated, and acting for and in its behalf collected $3,679.56, which he was under obligation to pay to the said West Orange Estates, Incorporated, but that he had appropriated and converted the same to his own use; and that the West Orange Estates, Incorporated, had later duly assigned its claim against said Maier for moneys due and to grow due to it, to the said defendant, Eaton.

The counter-claim was based upon this assignment.

In each case there was a motion to strike out the answer and counter-claim, and after a hearing upon affidavits submitted by plaintiff and defendant, the motion was granted in each case.

The present appeals are based upon the contention that the action of the trial court in striking out the answers and counter-claims was without legal justification.

There is nothing whatever in the defendant's affidavit which was submitted on the argument of the motion to strike out, which impeaches the validity of the plaintiff's cause of action, and the affidavits submitted by plaintiff fully support his claim.

The only matter referred to in defendant's affidavit relates to the validity of his counter-claim.

It is argued on behalf of the plaintiff that the claim of the West Orange Estates, Incorporated, against Maier was not assignable for the reason that the claim was based upon the tortious conduct of Maier in unlawfully appropriating the moneys he collected for the corporation to his own use, and that rights arising out of a tort cannot be assigned.

We do not agree with the plaintiff in this.

Assuming that Maier did collect moneys for the West Orange Estates, Incorporated, he held these moneys for the

use of the latter and it was entitled to maintain an action against him for money had and received by him for its use. But it is not necessary to decide this point, for we find nothing in defendant's affidavit in the way of proof of the facts upon which the counter-claim is based.

This court, in the case of *Eisele & King* v. *Raphael,* 90 *N. J. L.* 219, held in substance that it had long been settled in this state and not open to argument that, prior to the Practice act of 1912, an order striking out an answer and the entering of a summary judgment rested in discretion and was not the subject of a writ of error, citing *State Mutual Building and Loan Association* v. *Williams,* 78 *Id.* 720.

The Practice act of 1912 altered this rule to the extent of allowing an appeal and a review of such an order.

Mr. Justice Bergen, who wrote the opinion, said:

"Section 15 of the new Practice act (*Pamph. L.* 1912, *p.* 380) provides that 'subject to rules, any frivolous or sham defense to the whole or any part of the complaint may be struck out; or, if it appear probable that a defense is frivolous or sham, defendant may be allowed to defend on terms. Defendant, after final judgment, may appeal from any order made against him under this section.'

"This section being made expressly 'subject to rules' must be read in connection with rules 80 to 84, inclusive, relating to the entry of summary judgments. Rule 80 provides that 'the answer may be struck out and judgment final may be entered upon motion and affidavit as hereinafter provided, unless the defendant by affidavit or other proofs shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend.'

"Rule 81 requires that the motion to strike out be made upon affidavit of 'the plaintiff or that of any other person cognizant of the facts, verifying the cause of action, and stating the amount claimed, and his belief that there is no defense of the action.' Reading the rules, to which the statute is subject, and the statute together, a plaintiff will be entitled to a summary judgment upon presenting an affidavit complying with rule 81, which should set out fully the facts upon

which the cause of action is based, unless the defendant by affidavit or other proof shall show facts deemed by the judge hearing the motion sufficient to entitle him to defend. This confers upon the judge the power to determine the sufficiency of the facts set up by the defendant, and his conclusion that they are not sufficient should not be set aside unless the sufficiency clearly appears."

In the case *sub judice,* the defendant did not by his affidavit or other proof show facts deemed by the judge hearing the motion sufficient to entitle him to sustain his counterclaim and his conclusion that they were not sufficient should not be set aside by this court unless the sufficiency clearly appears.

We are of the opinion that such sufficiency does not clearly appear.

An examination of the pleadings and the affidavit of the defendant clearly shows that the statements contained in defendant's affidavit were not within his own knowledge but based upon hearsay.

There is no attempt in the affidavit which was made by the defendant himself to prove the truth of the allegation that Maier had collected moneys as the agent of the West Orange Estates, Incorporated, and had failed to turn these moneys over to the corporation. All that the defendant says in his affidavit is that he learned from the West Orange Estates, Incorporated, accountant, that the company's books disclosed such a defalcation. What the accountant told the defendant, of course, is purely hearsay. If he desired to prove the company's account against Maier he should have had an affidavit of the accountant who had charge of the books, showing what the books disclosed. But even if the books had disclosed the situation claimed by the defendant to exist that would not have supported his claim against Maier. In order to do that it was necessary for him to prove as a fact that Maier had collected moneys as the agent of the West Orange Estates, Incorporated, the amount of the collections and also the failure to turn the moneys over to the company.

The affidavit contains nothing in the way of proof upon

these fundamental questions, and we think the Circuit Court therefore was right in striking out the counter-claims in each of the cases and that the judgments under review should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   14.

*For reversal*—None.